UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAVID SANCHEZ DOMINGUEZ,

      Petitioner,

v.

RENEE BAKER, et al.,

      Respondents.

Case No. 3:17-cv-00053-HDM-WGC

ORDER

This action is a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss grounds 1 and 3 in petitioner David Sanchez-Sanchez-Dominguez's petition (ECF No. 16). Sanchez-Sanchez-Dominguez filed a response (ECF No. 23), and respondents replied (ECF No. 25).

**I. Procedural History and Background**

On January 26, 2011, a jury convicted Sanchez-Dominguez of count I: first-degree murder; count II: aggravated stalking; and count III: burglary (exhibits 25-27).[1] The jury determined the sentence of life without the possibility of parole for the murder, and the state district sentenced petitioner as follows – to a consecutive term of 8 to 20 years for the deadly weapon enhancement on count I; count II: 60 to 180 months, consecutive to

---

[1] Exhibits 1-110 are exhibits to respondents' motion to dismiss, ECF No. 16, and are found at ECF Nos. 17-19.

count I; count III: 26 to 120 months, concurrent to count II. Pet. exh. 10.² Judgment of conviction was entered on May 10, 2011. *Id.*

The Nevada Supreme Court affirmed the convictions in a published opinion. Pet. exh. 13.

The Nevada Supreme Court affirmed the denial of Sanchez-Dominguez's counseled, state postconviction habeas corpus petition on October 17, 2016, and remittitur issued on January 11, 2017. Exhs. 109, 111.

Petitioner dispatched his federal habeas corpus petition for mailing on or about January 25, 2017 (ECF No. 4). This court appointed counsel, and petitioner filed a counseled first-amended petition on November 6, 2017 (ECF No. 10).

Respondents have moved to dismiss ground 1 as noncognizable in federal habeas corpus and ground 3 as unexhausted (ECF No.16).

II. **Legal Standards & Analysis**

    a. **Claims Cognizable in Federal Habeas Corpus**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

Generally, a challenge to a state evidentiary ruling does not involve a deprivation of a federal constitutional right, and therefore, is not cognizable in a federal habeas petition. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (a federal writ is not available for alleged error in the interpretation or application of state law); *Rhoades v.*

---

² For unknown reasons, the parties have filed separate exhibits and indices that do not follow each other sequentially. Petitioner's exhibits are exhibits to the first-amended petition, ECF No. 10, and are found at ECF Nos. 11-13, 15. The court shall refer to petitioner's exhibits as pet. exh.

2

*Henry*, 638 1027, 1034, n. 5 (9th Cir. 2011) ("[E]videntiary rulings based on state law cannot form an independent basis for habeas relief."); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir. 1985); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983). Generally, whether the trial court erred in refusing an instruction is a state-law issue and is not cognizable in federal habeas corpus. *Gilmore v. Taylor*, 508 U.S. 333, 342 (1993); *Estelle*, 502 U.S. at 71-72; *Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988) ("a state trial court's refusal to give an instruction does not alone raise a ground cognizable in a federal habeas corpus proceeding" (internal citations omitted)).

In ground 1, Sanchez-Dominguez asserts that the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial and due process of law when it incorrectly instructed the jury on the definition of felony murder and refused to give the defense's proffered instructions, thus lowering the State's burden of proof (ECF No. 10, pp. 8-13).

The State charged Sanchez-Dominguez with first degree murder under a theory of premeditation or, in the alternative, a theory of felony murder. Over the defense's objection, the trial court gave the following jury instruction:

> The elements of the second category of First Degree Murder are:
>
> 1. During the defendant's perpetration or attempted perpetration of a Burglary;
>
> 2. a killing resulted.
>
> Whenever death occurs during the perpetration or attempt to perpetrate certain felonies, including Burglary, the killing constitutes First Degree Murder. This second category of First Degree Murder is the "Felony Murder" rule. Under this rule, the State is not required to prove that the killing was intentional, premeditated, deliberate or with malice aforethought. Any killing of a human being whether intentional, unintentional or accidental, which is committed in the perpetration or attempted perpetration of a Burglary is First Degree Murder.

3

Pet. exh. 7, Instruction 24.

The defense offered the following three instructions consistent with their theory of the case that this was not a felony murder:

> Burglary is confined to a fixed locus in time. The crime of Burglary is complete at entry into a house where the necessary specific intent is also determined to exist at that same fixed locus in time. All matters following the Burglary are not a part of the Burglary. Thus, any act of violence following the actual entry into a house cannot be an act done during the perpetration or attempted perpetration of a Burglary.
>
> Because the evidence in this case demonstrates that Roberto Corona was killed after the defendant's entry into the house located at 6604 Fireburst Dr., you may not consider the alternative theory of felony murder as a basis for conviction of First Degree Murder. That theory is therefore removed from your consideration.
>
> The only theory of First Degree Murder that you may consider is premeditated and deliberate murder as defined in these instructions.
>
> Pet.exh. 8, p.3.
>
> In order to find that the defendant willfully and unlawfully killed Roberto Corona in the perpetration or attempted perpetration of a Burglary at 6604 Fireburst, Sparks, Washoe County, Nevada, you must find beyond a reasonable doubt that the killing occurred while the defendant was entering the house.
>
> *Id*. at 5.
>
> The offense of Burglary is complete upon entry of a house only when at the time the house is entered, the defendant has the specific intent to commit assault or battery or coercion or kidnapping therein.

*Id*. at 6. The state district court rejected these three proffered instructions (*see* ECF No. 10, p. 11; ECF No. 16, pp. 2-3).

Respondents are correct that this claim that the trial court erred in rejecting Sanchez-Dominguez's interpretation of Nevada's burglary statute raises a state-law issue. The court also notes that, in affirming the convictions, the Nevada Supreme Court explained that while the third instruction above was an accurate statement of the

law of burglary enumerated in NRS 205.060, that instruction duplicated, and was less accurate than, the burglary instruction that the court gave. Pet. exh. 13, pp. 6-7, pet. exh. 7.[3] Ground 1, accordingly, is dismissed as noncognizable on federal habeas review.

b. **Ground 3 and Exhaustion and Procedural Default**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

In ground 3, Sanchez-Dominguez asserts that trial counsel was ineffective for failing to present any mitigating evidence during the penalty phase of his trial in violation of his Sixth and Fourteenth Amendment rights (ECF No. 10, pp. 16-20). He acknowledges on the face of the petition that ground 3 is unexhausted. *Id.* at 16.

Sanchez-Dominguez next argues that this court should deem the claim technically exhausted but procedurally defaulted. "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not

---
[3] Jury Instruction No. 31: "The elements of the crime of Burglary are: (1) the defendant willfully and unlawfully; (2) entered any house, room, apartment, tenement, shop or other building; (3) with the intent to commit: (a) assault, or (b) battery, or (c) any felony crime; including coercion and/or kidnapping."

review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Sanchez-Dominguez acknowledges that if he returned to the state courts with these claims, they would be procedurally defaulted. He contends that he can demonstrate cause and prejudice to excuse the default of ground 3 pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), because he received ineffective assistance of state postconviction counsel (ECF No. 23, pp. 7-14).

The Court in *Coleman* held that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a

6

claim. *Coleman*, 501 U.S. at 750. In *Martinez*, the Court established a "narrow exception" to that rule. The Court explained that,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17. The Ninth Circuit has provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that Clabourne make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland [v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different. Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

*Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014) (citations omitted).

Here, as discussed in Sanchez-Dominguez's opposition to the motion to dismiss, the *Martinez* analysis with respect to ground 3 is intertwined with the analysis of the its underlying merit. As ground 2 will be briefed on the merits, the court will defer a decision on whether Sanchez-Dominguez can show cause and prejudice under *Martinez* to excuse the default of ground 3. Thus, the parties shall brief the merits of this claim, as well as the merits of ground 2, in the answer and reply.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 16) is **GRANTED** in part as follows:

7

Ground 1 is **DISMISSED** as noncognizable;

A decision on ground 3 is deferred.

**IT IS FURTHER ORDERED** that respondents will have sixty (60) days from the date this order is entered within which to file an answer to the remaining claims in the first-amended petition.

**IT IS FURTHER ORDERED** that petitioner will have forty-five (45) days following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to file a reply in support of the motion to dismiss (ECF No. 24) is **GRANTED** *nunc pro tunc*.

DATED: August 20, 2018.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE